<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTONIO JENKINS, | : |
| Plaintiff, | : Civil Action No. 13-2466 (ES) |
| v. | : |
| DARYLE YOUNG, et al. | : OPINION |
| Defendants. | : |

<u>SALAS, District Judge</u>

**I.    Introduction**

Before the Court is Defendants', the Hon. John J. Langan, Jr., J.S.C., Hon. Jose L. Fuentes, P.J.A.D., Hon. Ellen Koblitz, J.A.D., Hon. Michael J. Haas, J.A.D., Hon. Jaynee LaVecchia (collectively, the "Judicial Defendants"), the State of New Jersey, and former Attorney General Jeffrey S. Chiesa,[1] motion to dismiss Plaintiff's Complaint. (D.E. No. 9). Also pending before this Court is Plaintiff's motion to enter default judgment against Defendant, the Hon. James E. Dow, Jr., P.J.M.C. ("Judge Dow"). (D.E. No. 14). Finally, pending before this Court are two motions by Judge Dow: (1) a motion pursuant to Fed. R. Civ. P. 55(c) to deny Plaintiff's Notice of Motion to Enter Default Pursuant to Fed. R. Civ. P. 55(a), (D.E. No. 18), and (2) a motion to dismiss the complaint, (D.E. No. 20).

The Court has considered the parties' submissions in support of and in opposition to the instant motions, and decides the matters without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons set forth below, Plaintiff's motion to enter default judgment

---

[1] This Court will refer to the Judicial Defendants, the State of New Jersey and former Attorney General Jeffrey S. Chiesa collectively as the "State Defendants."

against Judge Dow and Judge Dow's motion to deny the motion to enter default against him are denied as moot. Furthermore, the State Defendants and Judge Dow's motions to dismiss are granted with prejudice.

## II.     Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1343(a)(3), as well as 42 U.S.C. § 1983.

## III.    Background

The parties are thoroughly familiar with the facts. Therefore, the Court provides a brief recitation of the facts essential to resolve the issues presented by the present motions.[2]

The instant matter stems from an incident in which Defendant Daryle Young ("Young"), a principal of a New York City school, brought disciplinary charges against Plaintiff Antonio Jenkins ("Plaintiff" or "Jenkins"), a teacher at the school, alleging that Jenkins refused five students access to the bathroom causing them to wet themselves. (D.E. No. 1, Compl. ¶ 37). Plaintiff sued Young in the Supreme Court of the State of New York, and Young filed a complaint for harassment with the Englewood Police Department in New Jersey. (*Id*. ¶¶ 39, 139). On October 1, 2008, Plaintiff filed a counter-complaint against Young in municipal court, alleging harassment and filing a false police report in violation of N.J.S.A. 2C:28-4b(1). *Jenkins v. Young*, 2012 WL 2030125, at *2 (N.J. App. Div. June 7, 2012). Judge Dow presided over the municipal court matter and eventually dismissed the complaints. *Id.*

Thereafter, in December 2008, Plaintiff filed a complaint in the Superior Court of New Jersey, alleging defamation, which was eventually tried before the Honorable John J. Langan, Jr., J.S.C. (Compl. ¶ 243); *see also Jenkins*, 2012 WL 2030125, at *2. The jury returned a verdict

---

[2] This Court notes that Plaintiff filed a 225-page Complaint that is repetitive, difficult to decipher, and is laden with conclusions of law. (*See* D.E. No. 1).

that Plaintiff had not proven defamation beyond a preponderance of the evidence. *Jenkins*, 2012 WL 2030125, at *2. Plaintiff appealed, and the Hon. Jose L. Fuentes, P.J.A.D., Hon. Ellen Koblitz, J.A.D., the Hon. Michael J. Haas, J.A.D. affirmed in a *per curiam* opinion. *Id.* at *1. Plaintiff then filed a petition for certification to the Supreme Court of New Jersey, which was denied by the Hon. Jaynee LaVecchia. *Jenkins v. Young*, 59 A.3d 602 (N.J. 2013).

In short, Plaintiff now seeks relief in federal court because he is dissatisfied with the outcome of the municipal court case, the state court jury verdict and subsequent appeals. Plaintiff "brings this suit against [sic] pursuant to Title 42 U.S. Code 1983 for violations of certain protections guaranteed to him by the First, [Fourth,] Sixth, Eighth, and Fourteenth Amendments of the federal Constitution." (Compl. ¶¶ 1, 168). Thus, Plaintiff seeks redress from, among others,[3] the municipal court judge who presided over Plaintiff's case in municipal court against Young; the trial court judge who presided over Plaintiff's jury trial; the appellate division judges who affirmed the jury verdict; and the Supreme Court justice who subsequently denied Plaintiff's petition for certification. Plaintiff also seeks relief from the State of New Jersey and former Attorney General Jeffrey S. Chiesa, but makes no allegations against these two parties. (*See, e.g.*, *id.* ¶¶ 24, 80, 81). Plaintiff demands that this Court "grant the Plaintiff a new trial and or a direct judgment" in the state court matter, and order that "the Defendant Judge and or Judges and or court and or courts grant the Plaintiff 1 million dollars in actual damages." (*Id.* ¶¶ 556, 601).

## IV. Legal Standard

### A. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that a pleader is entitled to relief." The pleading standard

---

[3] The Court notes that Plaintiff also made allegations against one other Defendant Daryle Young, who has answered Plaintiff's Complaint and, therefore, is not subject to the rulings made in this Opinion. (*See* D.E. No. 3).

announced by Rule 8 does not require detailed factual allegations; it does, however, demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). In addition, the plaintiff's short and plain statement of the claim must "give the defendants fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citation omitted).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Furthermore, "[when] deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached [thereto], matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2011).

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245; *see also Ray v. First Nat'l Bank of Omaha*, 413 F. App'x 427, 430 (3d Cir. 2011) ("A

district court should not dismiss a pro se complaint without allowing the plaintiff an opportunity to amend his complaint unless an amendment would be inequitable or futile."). Furthermore, in ruling on the present motion, the Court "must construe [Plaintiff's] complaint liberally as he is proceeding pro se." *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32 (3d Cir. 2011) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

**V.     Analysis**

The State Defendants argue that the Complaint should be dismissed due to absolute judicial immunity, Eleventh Amendment immunity, the Rooker–Feldman doctrine, and for failure to state a claim upon which relief can be granted. (D.E. No. 9-1, Br. in Support of State Defs.' Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("State Defs. Br.") at 2). Plaintiff maintains that none of these defenses apply. Judge Dow argues that this Court should deny Plaintiff's application to enter default, (*see* D.E. No. 18), and dismiss the claims against him because he is entitled to absolute judicial immunity, (D.E. No. 20, Br. in Support of Def. James E. Dow, Jr.'s Mot. to Dismiss Compl. Pursuant to Fed. R. Civ. P. 12(b)(6) ("Dow Br.") at 3). Plaintiff does not oppose Judge Dow's motion to dismiss.

**A.     Motion to Deny Plaintiff's Application to Enter Default**

On September 16, 2013, Plaintiff filed a motion that the Clerk of the Court enter default judgment against Judge Dow. (D.E. No. 14). Thereafter, Judge Dow filed a motion to deny Plaintiff's application. (D.E. No. 18). To date, the Clerk has not entered default judgment against Judge Dow. This Court finds that Plaintiff's motion to enter default judgment against Judge Dow and Judge Dow's response is moot because Judge Dow has responded to Plaintiff's Complaint by filing a motion to dismiss the complaint. (D.E. No. 20).

The Court will now address the motions to dismiss.

B.     **Doctrine of Absolute Immunity**

This Court finds that the doctrine of absolute judicial immunity applies to the Judicial Defendants and Judge Dow.[4] Plaintiff alleges numerous Constitutional violations against the Judicial Defendants and Judge Dow, claiming that Judge Dow abused the judicial process in dismissing Plaintiff's complaint against Young, that Judge Langan made erroneous rulings at Plaintiff's jury trial and that the appellate judges also abused their discretion in affirming the unanimous jury verdict. (*See, e.g.*, Compl. ¶¶ 18-20 23, 57, 116-17, 121, 147). According to Plaintiff, the judges did not have subject matter jurisdiction to avail themselves of judicial immunity. (D.E. No. 13, Pl.'s Opp. to Def.'s [sic] Mot. to Dismiss for Def.'s [sic] Langan, LaVecchia, Fuentes, Chiesa, the State of New Jersey[, Koblitz, and Haas] ("Pl. Opp.") at 8-9). Plaintiff also argues that he "can seek an injunction against their actions" and therefore "absolute immunity is not grounds for dismissal." (Pl. Opp. at 10). Plaintiff's arguments are unavailing.

It is well established that "[a] judicial officer in the performance of his [or her] duties has absolute immunity from suit and will not be liable for his [or her] judicial acts." *Azubujo v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (citing *Mireles v. Waco*, 502 U.S. 9, 12 (1991)). "A judge will not be deprived of immunity because the action he [or she] took was in error, was done maliciously, or was in excess of his [or her] authority; rather, he [or she] will be subject to liability only when he [or she] has acted in the 'clear absence of all jurisdiction.'" *Kwasnik v. LeBlon*, 228 F. App'x 238, 243 (3d Cir. 2007) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)) (internal citation omitted); *see Figueroa v. Blackburn*, 208 F.3d 435, 440-41 (3d Cir. 2001) (finding that judicial immunity extends to municipal court judges); *see also Chadwick v. Court of Common*

---

[4] The Supreme Court Justice being sued by Plaintiff is the Hon. Jaynee LaVecchia. The Appellate Division Judges that Plaintiff seeks relief from include the Hon. Jose L. Fuentes, P.J.A.D., Hon. Ellen Koblitz, J.A.D., and the Hon. Michael J. Haas, J.A.D. The Superior Court Judge from whom Plaintiff seeks relief is the Hon. John J. Langan, Jr., J.S.C. Finally, Plaintiff also seeks relief from the Hon. James E. Dow, Jr., P.J.M.C.

*Pleas*, 244 F. App'x 451, 455 (3d Cir. 2007) (applying absolute immunity to actions seeking injunctive relief as well, "unless a declaratory decree was violated or declaratory relief was unavailable") (citation omitted). There are only two exceptions to the doctrine of judicial immunity. The first exception is where a judge engages in nonjudicial acts, *i.e.*, actions not taken in the judge's judicial capacity. *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). The second exception involves actions that, though judicial in nature, are taken in the complete absence of all jurisdiction. *Id.*

The Court holds that Plaintiff's claims against the Judicial Defendants and Judge Dow are barred by the doctrine of absolute judicial immunity. In this case, Plaintiff has not set forth any facts that would suggest that the Judicial Defendants or Judge Dow engaged in nonjudicial acts, nor has Plaintiff alleged facts demonstrating that the judges' actions were taken in the clear absence of all jurisdiction. By Plaintiff's own admission, the Judicial Defendants allegedly violated his constitutional rights "under the color of law in their position[s]" as judges. (*See, e.g.*, Compl. ¶¶ 93, 120, 166). Indeed, the Judicial Defendants here made evidentiary rulings at trial, denied appeals, and denied Plaintiff's petition for certification. Similarly, Judge Dow presided over the trial involving Plaintiff and Young, and in his judicial capacity, took testimony and decided the case based on the facts presented at trial. These acts were judicial in nature, and notwithstanding Plaintiff's arguments to the contrary, were exercised within the judges' respective jurisdictions. *See Kwasnik*, 228 F. App'x at 243 ("The Ju[dges] of the New Jersey Superior Court and [Justices] of the [New Jersey] Supreme Court . . . acted within their respective jurisdictions in denying Kwasnik's appeal and his petition for certification."); *Melleady v. Blake*, No. 11-1807, 2011 WL 6303245, at *14-*15 (D.N.J. Dec. 15, 2011) (judge was entitled to absolute judicial immunity for issuing a ruling while presiding over a judicial proceeding ); *Gage v. Warren Twp. Comm. &*

*Planning Bd. Members*, No. 11-1501, 2011 WL 6002510, at *7-*8 (D.N.J. Nov. 29, 2011) (judge was entitled to absolute judicial immunity for issuing various orders in connection with matters pending before the court). Further, Plaintiff does not allege a violation of a declaratory decree nor the unavailability of declaratory relief. (*See* Compl. ¶¶ 556, 558, 564)*; see also Chadwick*, 244 F. App'x at 455.

Thus, it is without question that the doctrine of absolute judicial immunity is applicable here. Accordingly, Plaintiff's claims against the Judicial Defendants and Judge Dow are barred, and therefore dismissed.

### C. Eleventh Amendment Immunity

In addition to the doctrine of absolute immunity, the Eleventh Amendment provides an additional basis upon which the claims against the Judicial Defendants may be dismissed. For the reasons stated below, Plaintiff's claims against the Judicial Defendants, the State of New Jersey and former Attorney General Jeffrey S. Chiesa are dismissed. Notably, Plaintiff fails to make any allegations against the State of New Jersey and former Attorney General Jeffrey S. Chiesa. (*See, e.g.*, Compl. ¶¶ 24, 80, 81).

The law is clear: "[t]he Eleventh Amendment of the United States Constitution protects a state or state agency from a suit brought in federal court by one of its citizens regardless of the relief sought, unless Congress specifically abrogates the state's immunity or the state waives its own immunity." *Thorpe v. New Jersey*, 246 F. App'x 86, 87 (3d Cir. 2010); *see also Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Congress has not abrogated the state's sovereign immunity with respect to § 1983. *See id.* ("Section 1983 does not abrogate states' immunity."). "And New Jersey has neither consented to suit nor has it waived its Eleventh Amendment immunity." *Thorpe*, 246 F. App'x at 87. Further, state courts and state court judges acting on behalf of the state are

protected by the state's sovereign immunity. *See Mosher v. New Jersey*, No. 06-2526, 2007 WL 1101230, at *2 (D.N.J. Apr. 10, 2007) (finding that state court judges sued for actions taken in their official capacity "may 'cloak' themselves in the state's sovereign immunity under the Eleventh Amendment"). Accordingly, the claims against the Judicial Defendants, the State of New Jersey and former Attorney General Chiesa will be dismissed from this litigation.

### VI.  Conclusion[5]

For the foregoing reasons, Plaintiff's application to enter default against Judge Dow and Judge Dow's response are denied as moot, and the State Defendants and Judge Dow's motions to dismiss Plaintiff's Complaint are granted in their entirety. An appropriate Order shall follow.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[5] The State Defendants also argue that Plaintiff's claims are barred by the Rooker-Feldman Doctrine and that Plaintiff fails to state a claim upon which relief can be granted. (State Defs. Br. at 12-15). Because this Court has dismissed the claims against the State Defendants, this Court need not address these issues.