NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTONIO JENKINS, | |
| Plaintiff, | Civil Action No. 13-2466 (ES) |
| v. | |
| DARYLE YOUNG, et al. | OPINION |
| Defendants. | |

**SALAS, District Judge**

**I. Introduction**

Before the Court is Defendant Daryle Young's motion to dismiss Plaintiff's Complaint. (D.E. No. 31). Also before the Court is Plaintiff Antonio Jenkins's motion for reconsideration of the Court's March 24, 2014 Opinion and Order granting (1) the joint motion to dismiss by Defendants Hon. John J. Langan, Jr., J.S.C., Hon. Jose L. Fuentes, P.J.A.D., Hon. Ellen Koblitz, J.A.D., Hon. Michael J. Haas, J.A.D., Hon. Jaynee LaVecchia (collectively, the "Judicial Defendants") and (2) the individual motion to dismiss by Hon. James E. Dow, Jr., P.J.M.C. ("Judge Dow"). (D.E. No. 34).

The Court has considered the parties' submissions in support of and in opposition to the instant motions, and decides the matters without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons below, the Court GRANTS Defendant Young's motion to dismiss the complaint and DENIES Plaintiff's motion for reconsideration.

**II. Jurisdiction**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1343(a)(3),

as well as 42 U.S.C. § 1983.

**III.     Background**

The parties are thoroughly familiar with the facts.  Therefore, the Court provides a brief recitation of the facts essential to resolve the issues presented by the present motions.[1]

The instant matter stems from an incident in which Defendant Young, a New York City school principal, brought disciplinary charges against Plaintiff, a teacher at the school, alleging that Plaintiff refused five students access to the bathroom, causing them to wet themselves.  (D.E. No. 1 (Complaint ("Compl.")) ¶ 37).  Plaintiff sued Young in the Supreme Court of the State of New York, and Young filed a complaint for harassment with the Englewood Police Department in New Jersey.  (*Id.* ¶¶ 39, 139).  On October 1, 2008, Plaintiff filed a counter-complaint against Young in municipal court, alleging harassment and filing a false police report in violation of N.J.S.A. 2C:28-4b(1).  *See Jenkins v. Young*, No. 10-3419, 2012 WL 2030125, at *2 (N.J. App. Div. June 7, 2012).  Judge Dow presided over the municipal court matter and eventually dismissed the complaints.  *Id.*

In December 2008, Plaintiff filed a complaint alleging defamation in the Superior Court of New Jersey ("the New Jersey action").  The case was tried before the Honorable John J. Langan, Jr., J.S.C.  (Compl. ¶ 243); *see also Jenkins*, 2012 WL 2030125, at *2.  The jury returned a verdict that Plaintiff had not proven defamation beyond a preponderance of the evidence.  *Jenkins*, 2012 WL 2030125, at *2.  Plaintiff appealed, and the Hon. Jose L. Fuentes, P.J.A.D., the Hon. Ellen Koblitz, J.A.D., and the Hon. Michael J. Haas, J.A.D. affirmed in a *per curiam* opinion.  *Id.* at *1. Plaintiff then filed a petition for certification to the Supreme Court of New Jersey, which was denied by the Hon. Jaynee LaVecchia.  *Jenkins v. Young*, 59 A.3d 602 (N.J. 2013).

---

[1] This Court notes that Plaintiff filed a 225-page Complaint that is repetitive, difficult to decipher, and is laden with conclusions of law.  (*See* D.E. No. 1).

Plaintiff then brought "this suit against [sic] pursuant to Title 42 U.S. Code 1983 for violations of certain protections guaranteed to him by the First, [Fourth,] Sixth, Eighth, and Fourteenth Amendments of the federal Constitution." (Compl. ¶¶ 1, 168). On March 24, 2014, this Court issued an Opinion and Order dismissing Plaintiff's claims against the Judicial Defendants and Judge Dow on sovereign immunity and Eleventh Amendment grounds. (D.E. Nos. 27, 28). At this point, only Plaintiff's claims against Defendant Young remained. On April 27, 2014, Defendant Young moved to dismiss Plaintiff's case against her. (D.E. No. 31). On May 29, 2014, Plaintiff moved for reconsideration of the Court's March 24, 2014 Opinion and Order. (D.E. No. 34). Both motions are now before the Court.

### IV. Defendant Young's Motion to Dismiss

#### A. Legal Standard for a Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that a pleader is entitled to relief." The pleading standard announced by Rule 8 does not require detailed factual allegations; it does, however, demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). In addition, the plaintiff's short and plain statement of the claim must "give the defendants fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citation omitted).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Furthermore, "[when] deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached [thereto], matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2011).

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245; *see also Ray v. First Nat'l Bank of Omaha*, 413 F. App'x 427, 430 (3d Cir. 2011) ("A district court should not dismiss a pro se complaint without allowing the plaintiff an opportunity to amend his complaint unless an amendment would be inequitable or futile."). Furthermore, in ruling on the present motion, the Court must construe Plaintiff's complaint liberally. A "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 661 U.S. 89, 94 (2007) (internal quotation marks omitted). Nevertheless, a "litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 Fed. App'x 325, 328 (3d Cir. 2010).

    **B.**    **Analysis**

        a.  *The Parties' Positions*

On April 27, 2014, Defendant Young filed a motion to dismiss the complaint based on the doctrines of *res judicata* and claim preclusion. (D.E. No. 31-1). Defendant Young argues that Plaintiff's claims regarding Defendant Young were presented in New Jersey State Court and that they culminated in a jury verdict on the merits of the case. (*Id.* at 9). Defendant Young further argues that, to the extent that any claims presented in federal court are new, the doctrine of claim preclusion bars them because Plaintiff already had a full and fair opportunity to present them to a jury. (*Id.* at 10).

On May 17, 2014, Plaintiff filed his opposition to Defendant Young's motion to dismiss. (D.E. No. 36). Plaintiff's opposition mainly recites arguments in support of Plaintiff's motion for reconsideration, including arguments in opposition to Judge Dow's motion to dismiss. Plaintiff only dedicates several short sections to responding to Defendant Young's motion.[2] His arguments appear to be: (1) the doctrine of *res judicata* does not apply because the case is ongoing; and (2) Defendant Young's motion to dismiss is not truthful. (*Id.*).

      b. *Res Judicata*

The doctrine of *res judicata* applies to preclude parties from relitigating issues. *See Roper & Twardowsky, LLC v. Snyder*, No. 13-3945, 2014 WL 3012930, at *5 (D.N.J. Jun. 30, 2014). "Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised during that action." *Id.* (quoting *Allen v. McCurry*, 499 U.S. 90, 94 (1980)). In New Jersey, *res judicata* precludes a litigant's claim if three requirements are met: (1) the judgment in the prior action must be valid, final, and on the

---

[2] Plaintiff seeks reconsideration of the Court's ruling to grant Judge Dow's motion to dismiss in part because Plaintiff argues that he never received a copy of that motion. (D.E. No. 34). Plaintiff appears to have included arguments opposing Judge Dow's motion to dismiss in both his motion for reconsideration and his response to Defendant Young's motion to dismiss, (D.E. Nos. 34, 36). The Court has considered the arguments pertaining to Judge Dow that Plaintiff included in his response to Defendant Young's motion to dismiss, even though Plaintiff improperly included them in that submission.

merits; (2) the parties in the later action must be identical or in privy with those in the prior action; and (3) the claim in the latter action must grow out of the same transaction or occurrence as the claim in the prior action. *Roper & Twardowsky*, 2014 WL at *5 (citing *Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 124 N.J. 398, 591 (1991).

The Court finds that Plaintiff's claims against Defendant Young are barred by the doctrine of *res judicata*. First, there was a valid, final judgment in New Jersey Superior Court that was made on the merits. *See Jenkins*, 2012 WL 2030125, at *2. Plaintiff's appeal was affirmed in a *per curiam* opinion, and the Supreme Court of New Jersey denied Plaintiff's motion for certification. *Id.*, *see also Jenkins v. Young*, 59 A.3d 602 (N.J. 2013). Plaintiff argues there is no final judgment for *res judicata* purposes because the case "is still in litigation in New York." (D.E. No. 36 at 22). Specifically, Plaintiff argues because the New Jersey Superior Court lacked subject matter jurisdiction to hear New York issues, his case is therefore "within the Subject-Matter Jurisdiction of the Second Circuit Court of Appeals." (*Id.*). This argument misconstrues both the law and the facts. As a matter of law, the judgment obtained in New Jersey state court constitutes a final judgment on the merits. In addition, Plaintiff's argument that his case is pending in the Second Circuit is without basis. As a factual matter, the Court is not aware of any actions pending in New York state or federal court, or the Second Circuit.[3] Plaintiff's case is therefore not subject to ongoing litigation, and the New Jersey Superior Court decision was final on the merits.

Second, the parties in the present action are identical to the parties in the prior action. There is no dispute that the parties in the New Jersey State action were Plaintiff and Defendant Young. The second requirement for *res judicata* is met.

---

[3] The Court is not aware of any actions currently pending in New York federal court. Plaintiff's claim New York state court was dismissed and the dismissal was recently affirmed. *Jenkins v. Young*, 985 N.Y.S.2d 413 (N.Y. App. Div. 2014). In any event, the action barring Plaintiff's claims in this case is the New Jersey action, and that action reached a final decision on the merits.

Third, the Court finds that Plaintiff's claims in the present action grow out of the same transaction or occurrence as the claims in the New Jersey state action. Plaintiff's claims in this action stem from an incident in which Defendant Young, a New York City school principal, brought disciplinary action against Plaintiff, a teacher at the school. Plaintiff sued Defendant Young in the Supreme Court of the State of New York, and Young filed a complaint for harassment with the Englewood Police Department in New Jersey. (D.E. No. 1 at ¶¶ 37-39). Plaintiff then filed a counter-complaint against Young in municipal court, alleging harassment and filing a false police report in violation of N.J.S.A. 2C:28-4b(1). *Jenkins*, 2012 WL 2030125, at *1. These are the same facts that gave rise to the New Jersey action. *Id.* Whether this action arises out of the same transaction as the claims in New Jersey state action does not rely on identity of the "specific legal theory invoked." *Funayama v. Nichia America Corp.*, No. 14-1923, 2014 WL 4637989, at *2 (quoting *Davis v. U.S. Steel Supply*, 688 F.2d 166, 171 (3d Cir. 1982). Rather, what is required is "essential similarity of the underlying events giving rise to the various claims." *Id.* The Court finds that the facts giving rise to both actions are essentially the same, and Plaintiff has pointed to nothing indicating otherwise.

Defendant Young's motion to dismiss is therefore granted because Plaintiff's claims are barred by the doctrine of *res judicata*.

**V.      Plaintiff's Motion for Reconsideration**

        **A.      Legal Standard for a Motion for Reconsideration**

A plaintiff must satisfy a high standard to succeed on a motion for reconsideration. *Gillon v. Ting*, No. 12-7558, 2014 WL 1891371, at *1 (D.N.J. May 9, 2014). The Court may only grant a motion for reconsideration if: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear

error of law or prevent manifest injustice. *North River Ins. Co. v. Cigna Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). This relief is "an extraordinary remedy," and should be granted "very sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996).

A motion for reconsideration is not an opportunity to ask the Court to rethink issues it has already considered. *Mercer Cnty. Childrens Med. Daycare, LLC v. O'Dowd*, No. 13-1436, 2014 WL 1350657, at *1-2 (D.N.J. April 7, 2014). "[I]n the absence of newly discovered, non-cumulative evidence, the parties should not be permitted to reargue previous rulings made in the case." *Oritani Sav. & Loan Ass'n v. Fidelity Deposit Co. of Maryland*, 744 F. Supp. 1311, 1314 (D.N.J. 1990).

### B.     Analysis

Plaintiff's motion for reconsideration does not allege an intervening change in controlling law or the availability of new evidence. Instead, the motion appears to seek reconsideration on the grounds that it is necessary "to correct a clear error [of law] or prevent manifest injustice." *North River Ins.*, 53 F.3d at 1218 (internal citation omitted).

Plaintiff sets forth three arguments in support of his motion for consideration. First, Plaintiff argues that "this Court overlooked the fact that the Defendant Judges have failed to demonstrat[e] that they had the Subject-Matter and or territorial and or person[al] jurisdiction granted solely by the State of New Jersey to use and or make a valid ruling using a New York Arbitrator's Opinion and or for a Municipal Judge to make a valid ruling on a felony." (D.E. No. 34 at 3-4). Second, Plaintiff argues that he "is in deprivation of his 1st Amendment Right under US 42 1983 [sic] to file a claim and has not had a "full and fair hearing." (*Id*. at 4). Third, Plaintiff argues that "Plaintiff never received any documentation from Judge Dow or his attorney or this Federal Court," and "strongly object[s] to not being allowed to read and respond to Defendant

Dow's Motions or responses." (*Id*.). The Court will address each argument in turn.

    1. *Subject Matter or Personal Jurisdiction*

First, Plaintiff's argument that the Court "overlooked" his argument Defendant Judges and Judge Dow lacked subject matter and/or personal jurisdiction is incorrect, and does not raise any clear error of law or manifest injustice. The Court plainly considered Plaintiff's argument, and dismissed the claims against the Defendant Judges and Judge Dow based on the doctrines of sovereign immunity and Eleventh Amendment immunity. (D.E. 27 at 6-8). For example, the Court explicitly noted Plaintiff's argument that the Defendant judges "did not have subject matter jurisdiction to avail themselves of judicial immunity," but found the argument "unavailing." (*Id.* at 6). Instead, the Court found that the allegedly unconstitutional acts committed by the Defendant Judges and Judge Dow "were judicial in nature, and…exercised within the judges' respective jurisdictions." (*Id*. at 7).

Thus, the Court did not overlook Plaintiff's jurisdictional argument, but rather found it lacking. Whether a New York State arbitration ruling may be used during a trial in New Jersey State court is not a question of subject matter jurisdiction. It is a question of evidence, which, as the Court held, the Defendant Judges decided in their judicial capacities during the course of trial and appeal. The Court will not now "rethink what it has already thought through." *Oritani*, 744 F. Supp. at 1314.

    2. *Full and Fair Hearing*

Second, Plaintiff's argument that he "is in deprivation of his 1st Amendment Right under US 42 1983 [sic] to file a claim" and has not had a "full and fair hearing" does not warrant reconsideration because it does not raise a clear error of law or manifest injustice. Plaintiff alleges that the Defendant Judges and Judge Dow violated his First Amendment Rights by "attacking him

for filing a complaint pro-se." (D.E. 34 at 15). As stated above, however, the Court determined that the Defendant Judges' and Judge Dow's actions were within the scope of their judicial authority, and therefore protected by sovereign immunity and the Eleventh Amendment. Plaintiff has raised nothing to convince the Court that this ruling was clearly erroneous or manifestly unjust.

Plaintiff also asserts that the complaint raises the issue "of the Plaintiff not receiving a 'full and fair hearing,' but that the Court did not "rule on this issue." (*Id.* at 18). Again, the Court's determination that the Defendant Judges and Judge Dow were protected by sovereign immunity and the Eleventh Amendment resulted in the dismissal of *all claims* Plaintiff brought against them.

3. *Failure to Receive Judge Dow's Motion to Dismiss*

Finally, the fact that Plaintiff did not receive Judge Dow's Motion to Dismiss does not constitute a manifest injustice warranting reconsideration because the Court fully analyzed the merits of Judge Dow's motion when the Court previously granted his motion, (*see* D.E. Nos. 27, 28), and Plaintiff has since responded to Judge Dow's motion in several submissions. (*See* D.E. Nos. 34, 36). Plaintiff's arguments in response to Judge Dow's motion are largely identical to the arguments he presented in response to the motion to dismiss by the Judicial Defendants, (D.E. No. 13), and he has not presented any arguments or evidence that would alter the Court's ruling with respect to Judge Dow.

As factual background, Judge Dow filed a motion to dismiss on October 16, 2013. (D.E. No. 20). The motion to dismiss did not include a certificate of service as required by New Jersey Local Rule 7.1(d)(1). (*Id.*). In his opposition to Plaintiff's motion for reconsideration, Judge Dow's attorney certified that the Clerk's Office informed him that "when counsel E-filed documents with the Federal Clerk that the Clerk's office forwards hard copies by regular mail to the pro se plaintiff." (D.E. No. 35 ¶ 5). This is factually incorrect. The Clerk's Office only mails

Orders to pro se litigants, not moving papers or briefs. Thus, the Court accepts Plaintiff's statement that he did not receive Judge Dow's Motion to Dismiss, and finds that Judge Dow's attorney should have ensured that Plaintiff was properly served. However, for the reasons explained below, the Court finds that no manifest injustice has occurred.

The Court has authority to grant an unopposed motion to dismiss after analyzing the motion on its merits.[4] *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991); *see also Elozua v. State of New Jersey*, No. 4-2029, 2006 WL 2403934, at *3 (D.N.J. Aug. 18, 2006) ("The Court…must address an unopposed motion to dismiss a complaint on the merits."); *Marcial v. Rawl*, No. 94-6709, 1995 WL 31614, at *2 n.1 (E.D. Pa. Jan. 25, 1995) ("[T]hat a motion to dismiss is unopposed does not allow [a court] to fail to consider whether the complaint sets for a viable cause of action."). The Third Circuit has indicated that a district court may conduct the necessary merits analysis either in its ruling on the uncontested motion to dismiss or on a motion for reconsideration. *See Wardlaw v. City of Philadelphia Street's Dep.*, 378 Fed. Appx. 222, 225 n.5 (2010) ("Although the District Court initially granted the motion as unopposed, we would conclude that there was no violation of our directive in *Stackhouse*…the District Court subsequently reviewed [Plaintiff's] claims and rejected them on the merits in a ruling [Plaintiff's] motion for reconsideration.").

Accordingly, courts in this district have denied motions for reconsideration under facts similar to those presently before the Court. For example, in *Caldwell v. Vineland Police Dept.*, No. 8-4-99, 2010 WL 376377, at *2 (D.N.J. Jan. 26, 2010), Plaintiff moved for reconsideration of

---

[4] A district court may grant an uncontested motion without a merits analysis (*i.e.*, based solely on its uncontested nature) only in certain limited circumstances, such as "where the failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney," or when a party fails to follow specific direction from the court. *Stackhouse*, 951 F.2d at 30; *see also Brown v. DiGuglielmo*, 418 Fed. Appx. 99, 101-102 (3d Cir. 2011). None of these circumstances were present here, and therefore the Court was required to conduct a merits analysis before granting Judge Dow's motion to dismiss.

- 11 -

the court's decision to dismiss the case, alleging that he never received a copy of Defendant's motion to dismiss. The court held that, even assuming that Defendant did not receive the papers, he had not demonstrated any prejudice due to his inability to respond to the motion. The court in *Caldwell* emphasized that to prevail on a motion for reconsideration based on manifest injustice, a movant "must show that dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." *Id.* (quoting *P. Schoenfeld Asset Management LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)).

In this case, the Court's decision granting Judge Dow's unopposed motion to dismiss included a full merits analysis. Though the Court noted that motion to dismiss appeared uncontested, D.E. No. 28 at 7, it did not rely on the uncontested nature of the motion in reaching its decision. *Cf. DiGuglielmo*, 418 Fed. App'x at 101-102 (holding district court should have reconsidered motion to dismiss granted solely because it was uncontested). Rather, the Court addressed the merits, and specifically found that Plaintiff's claims against Judge Dow were barred by the doctrines of judicial and sovereign immunity. (*Id.*). The Court found that "Judge Dow presided over the trial involving Plaintiff and Young, and in his judicial capacity, took testimony and decided the case based on the facts presented at trial. These acts were judicial in nature…." (*Id.*). The Court fully analyzed the merits of Judge Dow's arguments before reaching its decision.

In addition to analyzing the merits of Judge Dow's motion, the Court also had an opportunity to consider the merits of Plaintiff's arguments in response. (D.E. Nos. 13, 34, 36). First, Plaintiff's factual allegations against Judge Dow mirror those asserted against the other Judicial Defendants. The Court considered these allegations, as well as Plaintiff's arguments that they should survive a motion to dismiss, in Plaintiff's opposition to the motion to dismiss filed by the other Judicial Defendants. (D.E. No. 13). Plaintiff has asserted no claims that are unique to

Judge Dow, or that would warrant treating him separately from the other Judicial Defendants.

Second, Plaintiff explicitly stated that he was including his arguments regarding Judge Dow's motion to dismiss in his opposition to Defendant Young's motion to dismiss. (D.E. 36). In that opposition, Plaintiff briefs his argument that "the state of New Jersey has not given Judge Dow [] subject matter jurisdiction under [] N.J.S. 2C:28-4B(1)" and that "without jurisdiction Judge Dow is not protected by the Eighth Amendment." (D.E. No. 36 at 6-7). Finally, Plaintiff submitted his arguments opposing Judge Dow's motion to dismiss *again* in Plaintiff's motion for reconsideration. (D.E. No. 34 at 6-7). As indicated above, these arguments mirror the arguments that Plaintiff presented—and the Court rejected—with respect to the other Judicial Defendants. Plaintiff argues that Judge Dow lacked subject matter to hear the claims before him in New Jersey state court, and that he should not receive the benefits of judicial immunity.[5] The Court continues to find that these arguments fail on the merits.

The Court is satisfied that it had an ample opportunity to consider Judge Dow's motion to dismiss on the merits, as well as Plaintiff's arguments in response—as articulated both in his response to the Judicial Defendants' motion to dismiss, (D.E. No. 13), as well as his motion for reconsideration and response to Defendant Young's motion to dismiss, (D.E. Nos. 34, 36). Having considered all of the above, the Court finds that there is no reason to disturb its prior ruling granting Judge Dow's motion on the merits. As a result, no manifest injustice has occurred, and Plaintiff is not entitled to reconsideration of the Court's decision to grant Judge Dow's motion to dismiss.

## VI.    Conclusion

---

[5] In his motion for reconsideration, Plaintiff argues that Judge Dow is not protected by the Eighth Amendment. The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. Because the Eighth Amendment does not appear applicable to Plaintiff's argument, the Court construes Plaintiff's argument as suggesting that Judge Dow is not protected by the Eleventh Amendment, which confers sovereign immunity. U.S. CONST. Amend. XI. In any event, for reasons stated in the Court's Opinion on the Judicial Defendant's and Judge Dow's motions to dismiss, the Court does not agree that Eleventh Amendment protections do not extend to Judge Dow in this case. (D.E. No. 27 at 8).

For the foregoing reasons, Defendant Young's motion to dismiss the complaint is GRANTED and Defendant's motion for reconsideration is DENIED.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
